**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv160
3:05cr303**

| | ) | |
|---|---|---|
| **RONNIE MORROW,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. (Doc. No. 1).

**I. PROCEDURAL HISTORY**

On August 23, 2005, Petitioner was named in a one-count Bill of Indictment. (Case No. 3:05cr303, Doc. No. 1). The Indictment charged Petitioner with possession of a firearm after having previously been convicted of a felony in violation of 18 U.S.C. § 922(g). On November 16, 2005, Petitioner entered a "straight up" guilty plea at his Rule 11 hearing. (Case No. 3:05cr303, Doc. No. 12: Acceptance of Guilty Plea). On March 8, 2006, this Court sentenced Petitioner to 100 months' imprisonment. Judgment was entered on March 15, 2006. (Case No. 3:05cr303, Doc. No. 18: Judgment).

On March 24, 2006, Petitioner filed a Notice of Appeal. (Case No. 3:05cr303, Doc. No. 20). Appellate counsel fled an Anders[1] brief on Petitioner's behalf, asserting that there were no meritorious grounds for appeal but addressing whether Petitioner's sentence was excessive. On

---

[1] See Anders v. California, 386 U.S. 738 (1967).

January 29, 2007, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's sentence and conviction but remanded the case for correction of a clerical error. United States v. Morrow, 215 F. App'x 210 (4th Cir. Jan. 29, 2007). The Fourth Circuit's Mandate was issued on February 20, 2007. (Case No. 3:05cr303, Doc. No. 29).

On April 10, 2008, Petitioner timely filed the instant Motion to Vacate, Set Aside, or Correct Sentence. (Doc. No. 1). On that same day, Petitioner filed a Motion for Extension of Time requesting a ninety day extension of time in which to file a memorandum supporting the claims he asserted in his Motion to Vacate. (Doc. No. 2). This Court granted Petitioner's motion and informed him that he had until August 22, 2008, to file a memorandum supporting his habeas claims. (Doc. No. 3). Despite this extension of time, Petitioner has not filed a memorandum in support of his claims.

## II. DISCUSSION

### A. Standard of Review

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings," in order to determine whether a petitioner is entitled to any relief. If the motion is not dismissed after that initial review, the district court must direct the government to respond. Id. However, the district court may summarily deny and dismiss a petitioner's motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . ." Id. Following this directive, the Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to habeas relief on any of his claims.

### B. Petitioner's Claims for Habeas Relief

Petitioner asserts four claims in his Motion to Vacate: (1) that his conviction under 18 U.S.C. § 922(g) is void because "the Court lacked jurisdiction to adjudicate his case"; (2) prosecutorial misconduct; (3) ineffective assistance of trial counsel; and (4) ineffective assistance of appellate counsel. (Doc. No. 1 at 13). Except for Petitioner's last claim of ineffective assistance of appellate counsel, his factual allegations supporting these claims are woefully inadequate. In support of his claim that the Court lacked jurisdiction over his case, the Petitioner states only that his prior qualifying convictions were "unconstitutional under state law; thus [they were] not qualifiers." (Id.). Petitioner's claim of prosecutorial misconduct merely states, "The United States violated the plea agreement." (Id.). And to support his claim of ineffective assistance of counsel, Petitioner states only that counsel "failed to properly advise [him]; failed to object to the United States['] breach of the plea agreement; [and] failed to inform the Court that [he] derived no benefit from the bargain . . . ." (Id.).

The Fourth Circuit has made it clear that "[u]nsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993), abrogated on other grounds by Trest v. Cain, 522 U.S. 87 (1997) and Gray v. Netherland, 518 U.S. 152 (1996). Rather, a petitioner must come forward with "some evidence that the claim might have merit." Id. Petitioner has failed to do so in this case. Moreover, Petitioner's allegations that the government violated his plea agreement and his counsel failed to object to this violation are "patently absurd on [their] face[.]" Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). Petitioner plead guilty to his charge without entering into a plea agreement; thus, there was no plea agreement for the government to violate. Because Petitioner has failed to provide any factual support beyond these conclusory and, in some instances, patently absurd allegations, his first three claims for habeas relief are subject to summary dismissal.

Petitioner's fourth claim alleges that his appellate counsel was ineffective for failing to inform him that his appeal had been denied, and that Petitioner had a right to petition the Supreme Court for a writ of certiorari. (Doc. No. 1 at 13). The allegations forming the basis for this claim are explained with greater detail in the motion for extension of time Petitioner filed contemporaneously with his motion to vacate. (Doc. No. 2). However, unlike a direct appeal from a district court judgment, a criminal defendant has no constitutional right to counsel to pursue a petition for writ of certiorari from the Supreme Court. Ross v. Moffitt, 417 U.S. 600, 617-18 (1974). Where there is no constitutional right to counsel, there can be no constitutionally ineffective assistance. Id. Thus, even assuming the truth of Petitioner's allegations, he fails to state a claim upon which habeas relief may be granted.

In the case of an unsuccessful appellant represented by appointed counsel in the Fourth Circuit, the attorney's responsibilities are outlined in the Plan of the United States Court of Appeals for the Fourth Circuit, In Implementation of the Criminal Justice Act (hereinafter "Fourth Circuit CJA Plan"), which implements the Criminal Justice Act of 1984. See 18 U.S.C. § 3006A. The Fourth Circuit CJA Plan provides, in pertinent part, as follows:

> [C]ounsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of *certiorari*. If the defendant, in writing, so requests and in counsel's considered judgment there are grounds for seeking Supreme Court review, counsel shall prepare and file a timely petition for such a writ and transmit a copy to the defendant.

Fourth Circuit CJA Plan, § V, ¶ 2 .

If Petitioner's allegations are true, appellate counsel disregarded the Fourth Circuit CJA Plan by failing to inform Petitioner in writing of the appellate court's decision and his right to petition the Supreme Court for a writ of certiorari. Petitioner may be able to pursue a remedy for this alleged failure of his appellate counsel by filing a motion with the Fourth Circuit to recall its mandate and

re-enter judgment in his case. See United States v. Smith, 321 F. App'x 229, 233 (4th Cir. Nov. 19, 2008) (unpublished), certiorari granted and judgment vacated, 129 S. Ct. 2763 (2009); United States v. Masters, 976 F.2d 728 (table), 1992 WL 232466, at *3 (4th Cir. Sept. 22, 1992) (unpublished) (both affirming the denial of habeas relief but vacating the petitioner's mandate and re-entering judgment to permit the petitioner to file a petition for writ of certiorari). Such a remedy is not, however, within this Court's authority to grant post-conviction habeas relief. It is therefore appropriate to dismiss this claim without prejudice so that Petitioner may file a motion with the Fourth Circuit asking that court to recall its mandate and re-enter judgment.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DENIED** and **DISMISSED**, except that Petitioner's claim for ineffective assistance of appellate counsel is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

**Petitioner is advised that he may wish to file a motion to recall the mandate issued by the Court of Appeals for the Fourth Circuit in order to remedy his appellate counsel's alleged violation of duty imposed by the Fourth Circuit CJA Plan**.

**SO ORDERED**.

Signed: September 17, 2010

Robert J. Conrad, Jr.
Chief United States District Judge